UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VICTOR TAGLE, | Case No. 3:15-cv-00445-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Plaintiff initiated this action by filing an application to proceed *in forma pauperis* ("IFP Application") (dkt. no. 1) and *pro se* complaint pursuant to 42 U.S.C. § 1983 (dkt. no. 1-1). United States Magistrate Judge William G. Cobb issued a Report and Recommendation (dkt. no. 3) ("R&R") recommending granting Plaintiff's IFP Application and dismissing Plaintiff's complaint. (Dkt. no. 3.) Plaintiff had until October 3, 2015, to object to the R&R. Plaintiff did not file an objection.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See*

*United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

While Plaintiff did not file a formal object, he did send a letter to the Clerk (dkt. no. 4). In his letter, Plaintiff appears to claim that he initiated a § 1983 case, which was sent to the Court's Las Vegas courthouse; but the "paper work got 'mixed'" and the Court's Reno courthouse "picked up a different paper work." (Dkt. no. 4.) Plaintiff contends that the Magistrate Judge reviewed the "wrong" document and addressed the wrong case based on Plaintiff's previously dismissed case no. 2-13-cv-388-MMD-GWF. (*Id.*)

The Court has compared Plaintiff's proposed complaint in this case with Plaintiff's initial filing in case no. 2-13-cv-388 and note that the documents are not similar. In case no. 2-13-cv-388, the Court dismissed the case for failure to state a cognizable § 1983 claim because Plaintiff was seeking to challenge the fact of his confinement and to be released from his sentence. In this case, the proposed complaint raises a claim for ineffective assistance of counsel and claims that challenge his conviction. Plaintiff also seeks release from custody. The Magistrate Judge recommended dismissal of Plaintiff's claims. The Court agrees with the Magistrate Judge's recommendation.

In light of Plaintiff's contention that the "wrong" document was filed in this case, the Court will permit Plaintiff to file a request to withdraw his IFP Application and proposed complaint. Plaintiff will be given until November 9, 2015, to file such a request.

///

///

1  The Court will adopt the Magistrate Judge's R&R and dismiss this case in the event
2  Plaintiff fails to file the request to withdraw by November 9, 2015.
3       DATED THIS 21st day of October 2015.

                MIRANDA M. DU
                UNITED STATES DISTRICT JUDGE